**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **EUGENIO ALVAREZ, individually and on behalf of all others similarly situated,** | § § § § | |
| *Plaintiff,* | § § | **Civil Action No. 4:24-cv-03597** |
| **v.** | § § | |
| **NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING,** | § § § | |
| *Defendant.* | § § | |

**[REDACTED] PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT
OF MOTION FOR CLASS CERTIFICATION, APPOINTMENT AS CLASS
REPRESENTATIVE, AND APPOINTMENT AS CLASS COUNSEL**

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................2

II.     NATURE AND STAGE OF PROCEEDINGS ............................................3

III.    FACTUAL BACKGROUND ....................................................................4

IV.     STATEMENT OF ISSUES....................................................................6

V.      LEGAL STANDARD ..........................................................................6

VI.     SUMMMARY OF THE ARGUMENT ......................................................7

VII.    ARGUMENT ....................................................................................8

    A.      Plaintiff is a member of an ascertainable class ............................................8

    B.      The requirements of Rule 23(a) are met.........................................................9

        1.      Numerosity .................................................................................9

        2.      Common questions of law or fact .......................................................9

        3.      Typicality ................................................................................11

        4.      Adequacy...................................................................................13

    C.      The requirements of Rule 23(b)(3) are met...................................................14

        1.      Predominance .............................................................................14

        2.      Superiority ................................................................................16

    D.      Appointment of Class Counsel...................................................................17

VIII.   CONCLUSION ...................................................................................18

i

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Allison v. Citgo Petroleum Corp.*,
  151 F.3d 402 (5th Cir. 1998) ............................................................................ 6

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ........................................................................................ 14

*Berger v. Compaq Comput. Corp.*,
  257 F.3d 475 (5th Cir. 2001) .......................................................................... 13

*Boczek v. Pentagon Fed. Credit Union*,
  2025 WL 3068570 (N.D. W. Va. Nov. 3, 2025) .............................................. 3

*Boles v. Moss Codilis, LLP*,
  2012 WL 12861080 (W.D. Tex. Jan. 17, 2012) .............................................. 15

*Brown v. Consumer Law Assocs., LLC*,
  283 F.R.D. 602 (E.D. Wash. 2012) .................................................................. 15

*City of San Antonio v. Hotels.com*,
  2008 WL 2486043 (W.D. Tex. May 27, 2008) ................................................ 9

*Cleven v. Mid-America Apartment Communities, Inc.*,
  328 F.R.D. 452 (W.D. Tex. 2018) .................................................................... 8

*Custer v. Dovenmuehle Mortg., Inc.*,
  2025 WL 3677281 (M.D.N.C. Dec. 18, 2025) ........................................*passim*

*Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*,
  445 U.S. 326 (1980) ........................................................................................ 17

*In re Dynegy Sec. Litig.*,
  226 F.R.D. 263 (E.D. Tex. 2005) ................................................................ 12, 16

*Eatmon v. Palisades Collection, LLC*,
  2010 WL 1189571 (E.D. Tex. Mar. 5, 2010) .................................................. 15

*Eatmon v. Palisades Collection, LLC*,
  2011 WL 147680 (E.D. Tex. Jan. 18, 2011) .................................................... 15

*Gen. Tel. Co. of the Southwest v. Falcon*,
  457 U.S. 147 (1982) ........................................................................................ 12

ii

*Guenther v. BP Ret. Accumulation Plan*,
   2021 WL 1215851 (S.D. Tex. Mar. 31, 2021).........................................................6

*Guenther v. BP Ret. Accumulation Plan*,
   2021 WL 1216377 (S.D. Tex. Mar. 12, 2021)......................................................6, 7

*John v. Nat'l Sec. Fire & Cas. Co.*,
   501 F.3d 443 (5th Cir. 2007) ....................................................................................8

*Lightbourn v. County of El Paso*,
   118 F.3d 421 (5th Cir. 1997) ..................................................................................10

*Montesi v. Seterus, Inc.*,
   Civ. A. No. 50-2015-CA-010910-XXXX-MB
   (Fla. Cir. Ct. Palm Beach Cnty. Mar. 27, 2019) .....................................................3

*Newton v. Am. Debt Servs., Inc.*,
   2015 WL 3614197 (N.D. Cal. June 9, 2015) ..........................................................15

*Pentagon Fed. Credit Union v. Boczek*,
   No. 25-219 (4th Cir. Dec. 5, 2025) ...........................................................................3

*In re Reliant Energy ERISA Litig.*,
   2005 WL 2000707 (S.D. Tex. Aug. 18, 2005) ...................................................10, 12

*Seeligson v. Devon Energy Prod. Co.*,
   761 F. App'x 329 (5th Cir. 2019) ...................................................................6, 8, 14

*Sheridan v. Ally Fin., Inc.*,
   2025 WL 2055750 (S.D. W. Va. July 22, 2025) ............................................3, 15, 16

*Stillmock v. Weis Markets, Inc.*,
   385 Fed. App'x 267 (4th Cir. 2010) ........................................................................15

*Stirman v. Exxon Corp.*,
   280 F.3d 554 (5th Cir. 2002) ..................................................................................12

*Torliatt v. Ocwen Loan Servicing, LLC*,
   570 F. Supp. 3d 781 (N.D. Cal. 2021) ...........................................................3, 13, 15

*Unger v. Amedisys Inc.*,
   401 F.3d 316 (5th Cir. 2005) ....................................................................................6

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)..................................................................................................10

iii

*Williams v. Lakeview Loan Servicing, LLC,*
  2022 WL 1216577 (S.D. Tex. Feb. 8, 2022) ........................................................*passim*

*Williams v. Lakeview Loan Servicing, LLC,*
  2022 WL 950875 (S.D. Tex. Mar. 30, 2022)......................................................... 2, 14

**Statutes**

Tex. Fin. Code § 392.001(6) ........................................................................................ 5

Tex. Fin. Code § 392.303(a)(2) ................................................................................. 5, 6

Tex. Fin. Code § 392.304(a)(12) .................................................................................. 5

Texas Debt Collection Act ...............................................................................*passim*

**Other Authorities**

Manual for Complex Litigation § 21.222 (4th ed. 2025)  .................................................. 8

Plaintiff Eugenio Alvarez hereby moves this Court for an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), appointing Plaintiff as class representative, and appointing Plaintiff's counsel as counsel for the class pursuant to Federal Rule of Civil Procedure 23(g). Plaintiff seeks certification of the following Class:

> All persons in the United States (1) with property located in the State of Texas, (2) secured by a residential mortgage loan serviced by SLS prior to May 1, 2024, (3) who were charged a fee for paying by telephone between September 24, 2022 and the date class notice is approved.

Plaintiff bases this Motion on the following documents: this Motion and Memorandum in Support; the Declarations of Katherine M. Aizpuru and James L. Kauffman, and all exhibits thereto; the pleadings, record, and other filings in this case; and any other matters the Court may consider. Plaintiff requests the opportunity to present oral argument if the Court would find it useful.

Plaintiff respectfully requests that this Court enter an order: (1) certifying this action as a class action and certifying the proposed Class; (2) appointing Plaintiff as representative for the Class; (3) appointing Plaintiff's counsel as counsel for the Class; and (4) directing the parties to confer and propose a notice plan and form of notice within 14 days.

## I.   INTRODUCTION

Plaintiff Eugenio Alvarez asserts in this putative class action that Specialized Loan Servicing ("SLS"), the predecessor-in-interest to defendant NewRez LLC d/b/a Shellpoint Mortgage Servicing (together with SLS, "Defendant"), charged mortgage borrowers fees when those borrowers made payments by telephone via a customer service agent or interactive voice recognition ("IVR") (collectively, "pay-to-pay fees"). Now, Plaintiff asks the Court to certify the following Class:

> All persons in the United States (1) with property located in the State of Texas, (2) secured by a residential mortgage loan serviced by SLS prior to May 1, 2024, (3) who were charged a fee for paying by telephone between September 24, 2022 and the date class notice is approved.

Class members' loans are governed by mortgage loan agreements that contain uniform provisions regarding fees ("Uniform Mortgages"). Neither the Uniform Mortgages nor any law authorized Defendant to charge pay-to-pay fees. At summary judgment or trial, Plaintiff will prove that Defendant's conduct violated the Texas Debt Collection Act ("TDCA").

The commonality of the claims and the standardized nature of the practices and mortgage contracts at issue make these claims appropriate for adjudication on a classwide basis. And courts across the country have reached the same conclusion in materially identical cases involving pay-to-pay fees. *See Williams v. Lakeview Loan Servicing, LLC*, 2022 WL 1216577 (S.D. Tex. Feb. 8, 2022), *mem. and rec. adopted*, 2022 WL 950875 (S.D. Tex. Mar. 30, 2022) (certifying class of Texas borrowers charged pay-to-pay fees to adjudicate TDCA claims); *see also Custer v. Dovenmuehle Mortg., Inc.*, 2025 WL 3677281

(M.D.N.C. Dec. 18, 2025) (same for North Carolina); *Boczek v. Pentagon Fed. Credit Union*, 2025 WL 3068570 (N.D. W. Va. Nov. 3, 2025) (same for West Virginia); *Sheridan v. Ally Fin., Inc.*, 2025 WL 2055750 (S.D. W. Va. July 22, 2025) (same for West Virginia); *Torliatt v. Ocwen Loan Servicing, LLC*, 570 F. Supp. 3d 781 (N.D. Cal. 2021) (same for California); *Montesi v. Seterus, Inc.*, Civ. A. No. 50-2015-CA-010910-XXXX-MB (Fla. Cir. Ct. Palm Beach Cnty. Mar. 27, 2019) (same for Florida). Ex. 1.[1] *See also Pentagon Fed. Credit Union v. Boczek*, No. 25-219 (4th Cir. Dec. 5, 2025) (denying Rule 23(f) petition appealing class certification of pay-to-pay fees under West Virginia state consumer statute).

As set forth below, all Rule 23(a) and 23(b)(3) requirements are met, and Plaintiff respectfully requests that the Court grant this Motion, appoint him class representative, and appoint his counsel as class counsel.

## II.    NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed this putative class action on September 24, 2024. Dkt. 1. Defendant filed an Answer on October 29, 2024. Dkt. 14. Discovery closed on December 15, 2025. Dkt. 30. The parties attended a mediation session on December 15, 2025. Mediation was unsuccessful. Dkt. 34. Plaintiff now moves for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3). Dispositive motions are due February 13, 2026.

---

[1] Exhibits cited herein refer to the exhibits attached to the Declaration of Katherine M. Aizpuru in Support of this Motion.

3

### III.   FACTUAL BACKGROUND

Plaintiff Eugenio Alvarez owns property in Texas secured by a Note and a Deed of Trust. Ex. 2 (Alvarez Note); Ex. 3 (Alvarez Deed of Trust). Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing is a large servicer of residential mortgages, including Plaintiff's mortgage. Ex. 4 (Response to RFA No. 1). On May 1, 2024, Shellpoint's parent company acquired Specialized Loan Servicing LLC, and SLS then merged into Shellpoint. Ex. 5 (Press Release). SLS committed the violations described in the Complaint prior to the merger.

Plaintiff's and the Class's mortgage agreements are uniform instruments. Ex. 2 (Alvarez Note stating it is a uniform instrument); Ex. 3 (Alvarez Deed of Trust stating it is a uniform instrument). Plaintiff's expert, Nelson Locke, who has decades of experience in the mortgage industry, explained in his report why uniformity is important in the mortgage industry and that mortgage instruments largely contain the standard, uniform provisions relating to assessment of fees found in Fannie Mae and other model documents. Ex. 6 (Locke Rep.). Mr. Locke further explained that these same uniform instruments do not contain a provision expressly authorizing pay-to-pay fees. *Id.*

To facilitate payment collection on Plaintiff's and the Class's mortgages, Defendant hired a payment processor to assist. Specifically, Defendant contracted with ACI Payments, Inc. to process borrowers' payment transactions. Ex. 7 (ACI contract). ███

███████████████████████████████████████████████████████

███████████████████████ *Id.* (ACI contract at Shellpoint_Alvarez001641), Ex.

8 (███████████████████), Ex. 9 (███████████████████

4



); Ex. 10 (██████████████████████████████████████); Ex. 11

(████████████████████████████████████████████████████████

██████████████████); Ex. 12 (Haberlan Dep. 99:9-100:4 (discussing fees of $7.50 and

$12.50)). ███████████████████████████████████████████.

Ex. 13 (███████████████████████████████████████████); Ex. 14

(██  ██  ███  ████  █████  ████  ████  ████  ███  █

██████████████████). Defendant allowed ACI to collect these fees despite the facts

that the Uniform Mortgages do not expressly authorize pay-to-pay fees, no law authorizes

pay-to-pay fees, and the Uniform Mortgages prohibit fees not allowed by the mortgage

terms or applicable law. Ex. 3 (Alvarez Deed of Trust, stating "Lender may not charge fees

that are expressly prohibited by this Security Instrument or by Applicable Law").

Based on these common facts, Plaintiff seeks certification of the Texas Class

defined above. He alleges, on behalf of this proposed Class, claims under the TDCA.[2]

Defendant is subject to the TDCA because it is a debt collector, defined as "a person who

directly or indirectly engages in debt collection." Tex. Fin. Code § 392.001(6). *See also*

Ex. 15 (██████████████████████████████████████); Ex. 16

██████████████████████████████████████████████████████

Plaintiff alleges that Defendant violated Texas Finance Code § 392.303(a)(2), which

prohibits a debt collector from "collecting or attempting to collect interest or a charge, fee,

or expense incidental to the obligation unless the interest or incidental charge, fee, or

---

[2] In the interest of streamlining this litigation, Plaintiff will agree to dismiss his Tex. Fin. Code § 392.304(a)(12) claim. *See* Dkt. 1, ¶¶ 88-94 ("Count One").

5

expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Tex. Fin. Code § 392.303(a)(2).[3]

## IV.    STATEMENT OF ISSUES

Whether the proposed Class should be certified under Rules 23(a) and 23(b)(3), whether Plaintiff should be appointed as class representative to pursue the TDCA claim on behalf of the proposed Class, and whether his counsel should be appointed class counsel.

## V.    LEGAL STANDARD

District courts have substantial discretion in determining whether to certify a class. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 408 (5th Cir. 1998). To operate within the framework of Rule 23, the Court must undertake a "rigorous analysis" of the proposed class action. *Unger v. Amedisys Inc.*, 401 F.3d 316, 320–21 (5th Cir. 2005). However, a class certification determination should not be a preliminary inquiry into the merits. *Id.* at 321.

To maintain a class action, "the class sought to be represented must be adequately defined and clearly ascertainable." *Seeligson v. Devon Energy Prod. Co.*, 761 F. App'x 329, 333 (5th Cir. 2019); *see also Guenther v. BP Ret. Accumulation Plan*, 2021 WL 1216377, at *2 (S.D. Tex. Mar. 12, 2021), *report and recommendation adopted*, 2021 WL 1215851 (S.D. Tex. Mar. 31, 2021). The proposed class and named plaintiff must satisfy

---

[3] Count Two also pleads claims on behalf of a multistate class comprised of borrowers in Texas, California, Iowa, Maryland, New Hampshire, Oregon, and West Virginia. Plaintiff has decided to seek certification only of the Texas class and pursue only the TDCA claim described in Count Two. As noted at n.1, *supra*, Plaintiff has decided not to pursue the TDCA claim described in Count One.

the prerequisites of Rule 23(a)—namely numerosity, commonality, typicality, and adequate representation. *Guenther*, 2021 WL 1216377, at *2. The plaintiff must also show that there are common questions of law or fact that predominate over questions affecting individual class members and that a class action is a superior method of adjudication. *Id.* (citing Fed. R. Civ. P. 23(b)(3)).

## VI.    SUMMMARY OF THE ARGUMENT

Class certification is appropriate because all Rule 23(a) and 23(b)(3) requirements are met. The Class members, defined by objective criteria, are readily ascertainable and sufficiently numerous based on data Defendant has already obtained. Plaintiff and the Class members all have residential mortgages serviced by Defendant. Given the uniformity of the mortgage loan agreements, Defendant's practices, and TDCA claims, the common questions are many, can be resolved through common proof, and predominate over any purported individual issues. Plaintiff is typical because he has a uniform mortgage agreement, paid the fees, and Defendant uniformly collected them from him and each Class member. And Plaintiff is adequate because he understands the class representative's duties and has no conflict of interest with any Class member. A class action is the superior vehicle for these common claims to preserve judicial resources, eliminate unnecessary duplication and potentially divergent decisions, and afford affected borrowers potential relief not practically available otherwise. Finally, Plaintiff's counsel is adequate and should be appointed class counsel because they have extensive class action experience, achieved outstanding results for classes like this one, and invested and will continue to invest substantial resources on behalf of the Class.

## VII.   ARGUMENT

### A.   Plaintiff is a member of an ascertainable class.

Certification under Rule 23 implicitly requires a threshold showing that the class members are readily identifiable or ascertainable, and that the class representative is a member of the proposed class. *Seeligson*, 761 F. App'x at 333. "The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). "An identifiable class exists if its members can be ascertained by reference to objective criteria." Manual for Complex Litigation (Fourth) § 21.222 (2025); *see also Cleven v. Mid-America Apartment Communities, Inc.*, 328 F.R.D. 452, 467 (W.D. Tex. 2018).

Here, the class is defined by objective criteria: whether an individual owns property in Texas, secured by a residential mortgage serviced or subserviced by SLS prior to May 1, 2024, and who paid a pay-to-pay fee for a telephone payment between September 24, 2022 and the date class notice is approved. Defendant can readily obtain data containing records of Class members, including Plaintiff, and has done so. *See* Ex. 9 (████████████ ████████████████████████████████████ ), Ex. 10 (████████████ ████████████████████████████████████ ).[4] Defendant has

---

[4] These spreadsheets are analyzed in the Olsen Report at 5-9. *See* Ex. 17. The Olsen report mistakenly refers to Shellpoint_Alvarez001804 as containing ████████████████ ████████████████████████████ *See* Ex. 18 (Olsen Dep. at 34:17-23). The spreadsheet at Shellpoint_Alvarez001805 contains ████████████████████ These spreadsheets (Shellpoint_Alvarez001804, 1805) collectively constitute the "Class Data." *See* Ex. 17 (Olsen Report at 5-7).

access to the loan numbers that correspond to ██████████████████████ and can use this information to identify Class members within its own records. Ex. 19 (Def. Suppl. Resp. to Interrogatory No. 1, noting ACI retained loan numbers); Ex. 20 (Def. Second Suppl. Resp. Interrogatory No. 1, identifying ████████████████████████████ ██████████████ ). This evidence satisfies the initial certification threshold. *See, e.g.*, *Williams*, 2022 WL 1216577, at *5 (finding ascertainability satisfied where defendant could query software data to identify borrowers that fit the class criteria and "created and produced a spreadsheet that does so"); *Custer*, 2025 WL 3677281, at *3 (same).

### B.       The requirements of Rule 23(a) are met.

#### 1.       Numerosity

The Class Plaintiff seeks to certify consists of ██████ borrowers. Joinder of this many class members is impracticable, and thus numerosity is satisfied. *See City of San Antonio v. Hotels.com*, 2008 WL 2486043, at *5 (W.D. Tex. May 27, 2008) ("The proposed class of 175 putative members is more than sufficient to meet the numerosity requirement under Rule 23(a)(1).").

#### 2.       Common questions of law or fact

To satisfy Rule 23's commonality requirement, Plaintiff must demonstrate that there are questions of law or fact common to the Class. Fed. R. Civ. P. 23(a)(2). A common question "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "The test for commonality is not demanding and is met 'where there is at least one

9

issue, the resolution of which will affect all or a significant number of the putative class members.'" *In re Reliant Energy ERISA Litig.*, 2005 WL 2000707, at *2 (S.D. Tex. Aug. 18, 2005) (quoting *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir.1997)).

Here, given the Uniform Mortgages' uniform fee provisions and the fact that all claims arise under the same law, the common questions are many and satisfy Rule 23(a)(2):

- Did Defendant engage directly or indirectly in debt collection when receiving payments by telephone?

- Do the Class members' Uniform Mortgages expressly authorize pay-to-pay fees?

- Are the pay-to-pay fees authorized by any statute?

- Are the pay-to-pay fees incidental to the principal debt?

The answers to these questions will not vary among Class members. If Defendant is engaged in indirect debt collection when receiving payments by telephone, that is true equally as to Plaintiff and the rest of the Class members. If not, that is also true across the Class. Similarly, if a pay-to-pay fee is incidental to the principal debt, that is true for all Class members. "Both of these questions are capable of class-wide resolution." *E.g.*, *Williams*, 2022 WL 1216577, at *6 (finding commonality as to whether mortgage agreements authorized fees, and whether fees violated the TDCA).

Not only do the Class members' claims implicate common legal issues, they can also be proven (or disproven) by common proof. At summary judgment and trial, Plaintiff and the Class will prove their claims using common evidence including:

10

- Uniform Mortgages, *see* Ex. 3 (Alvarez Deed of Trust); Ex. 2 (Alvarez Note); Exs. 21, 22, 23, and 24 (Template Uniform Deeds of Trust for Texas); Exs. 25 and 26 (Template Uniform Notes for Texas);

- Uniform transaction data ███████████████████████, Ex. 9 (██████ █ ███ ███ ██████ ██ ██████ █ █████████████████ ), Ex. 10 (██████████████████████ ████████████████████████ );

- Defendant's internal documents and testimony of its corporate witnesses regarding the practice of charging pay-to-pay fees, Ex. 13 (█████████ ███████████████████ ); Ex. 14 (█████████████████ ███████████████ ), Ex. 8 (████████████████████ ), Ex. 11 (█████████████████████████████ ; and

- Defendant's contract with ACI, Ex. 7.

The common questions can be resolved as to the Class through common proof, further satisfying the commonality requirement. *See, e.g.*, *Custer*, 2025 WL 3677281, at *3 (finding commonality satisfied where plaintiff identified similar common legal and factual questions).

### 3.   Typicality

"Like commonality, the test for typicality is not demanding. It focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent." *In re Reliant*, 2005 WL 2000707, at *2 (internal citation and quotation marks omitted). "[T]he critical inquiry is whether the class

11

representatives' claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *In re Dynegy Sec. Litig.*, 226 F.R.D. 263, 269 (E.D. Tex. 2005) (quoting *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002)). There is no need for a court artificially to distinguish between typicality and commonality, because they "tend to merge." *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 157 n.13 (1982). Both are found when "the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.*

Plaintiff's claims are typical. Defendant collected pay-to-pay fees from Plaintiff and each Class member. *See* Ex. 9 (███████████████████████████ ███████████████████ ), Ex. 10 (██████████████████████ ████████████████████ ). Although Defendant hid this practice by not disclosing the pay-to-pay fees assessed on statements and payment histories, Plaintiff's payments can be matched with his fee history to reveal the pay-to-pay fees. For example, his payment on April 12, 2024 can be seen on page Shellpoint_Alvarez001942 of Exhibit 27. *See* Ex. 27 (███████████████████████ ). The corresponding mortgage payment in his bank statement is $7.50 higher. *See* Ex. 28 (Plaintiff's April 2024 bank statement). This is just one example.

Plaintiff, like all other Class members, had a residential mortgage agreement, which did not expressly authorize pay-to-pay fees. The same legal theories apply to both Plaintiff's and the Class' claims, demonstrating typicality. *See, e.g., Williams*, 2022 WL

12

1216577, at *7 (finding typicality satisfied where claims were "based on the same legal theories and substantially the same facts"); *Torliatt*, 570 F. Supp. 3d at 794-95 (same).

### 4. Adequacy

"Rule 23(a)'s adequacy requirement encompasses class representatives, their counsel, and the relationship between the two." *Berger v. Compaq Comput. Corp.,* 257 F.3d 475, 479 (5th Cir. 2001).

Here, there are no known conflicts of interest between Plaintiff and any Class member. Plaintiff understands the duties of a class representative. Ex. 29 (Alvarez Dep. 33:18-34:13, 91:2-92:14). He participated in a pre-suit investigation, reviewed the complaint, worked with counsel on discovery responses, searched for and produced documents, and prepared and sat for a deposition. This establishes his adequacy as a class representative.

In determining adequacy of representation, the Court considers (1) the enthusiasm and competence of the proposed class counsel and (2) the willingness and ability of the representatives to take an active role in the litigation and to protect the interests of class members they seek to represent. *Berger,* 257 F.3d at 479. Plaintiff's counsel Bailey & Glasser LLP and Tycko & Zavareei LLP have worked diligently and competently on behalf of the Class. Counsel have extensive experience in class actions and with debt-collection laws throughout the United States. Declarations describing the experience and background of the firms are attached to this Motion. Both firms have been appointed class counsel in other cases involving pay-to-pay fees, including most recently in *Custer*. And the firms

13

have achieved outstanding results for certified settlement classes of borrowers in pay-to-pay fee cases like this one.

Adequacy is satisfied. *See, e.g.*, *Custer*, 2025 WL 3677281, at *4 (finding that plaintiff was adequate where he was "an active participant in the litigation" and finding Bailey Glasser and Tycko & Zavareei "have extensive experience in consumer class litigation actions").

### C.    The requirements of Rule 23(b)(3) are met.

#### 1.    Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). This inquiry "entails identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class, a process that ultimately prevents the class from degenerating into a series of individual trials." *Seeligson*, 761 Fed. App'x at 338.

Courts routinely find common issues predominate in cases involving allegedly improper fees or violations of consumer protection statutes, including the TDCA. For example, in *Williams*, Judge Eskridge found that the common legal questions and common evidence, including of defendant's "uniform policy" and "uniform disclosures to borrowers," were "subject to generalized, class-wide proof" and therefore predominated. *Williams*, 2022 WL 1216577, at *9. *See also, e.g.*, *Custer*, 2025 WL 3677281, at *5-6 (finding predominance satisfied in nearly-identical pay-to-pay fee case); *Sheridan*, 2025

14

WL 2055750, at *5-6 (finding common issues predominated, including whether debt collector was liable for acts of third party that actually collected the pay-to-pay fee); *Torliatt*, 570 F. Supp. 3d at 799 (finding predominance certified based in part on testimony of plaintiff's expert who testified she had "never seen provisions expressly authorizing fees").[5]

Common issues of law and fact predominate here. All claims under the TDCA require showing (1) a consumer debt, (2) the defendant is a debt collector, (3) the defendant committed a wrongful act against the plaintiff in violation of the TDCA, and (4) the plaintiff was injured by the wrongful act. *Williams*, 2022 WL 1216577, at *8. Here, the same evidence for all Class members will be used to determine whether the fees are expressly authorized because the mortgages at issue involve the same or similar fee provisions, and the relevant fee practices were uniform. *See id.* While Defendant may argue that ACI, not Defendant, charged the fee, that is also a common issue that predominates across the Class. *See, e.g.*, *Sheridan*, 2025 WL 2055750, at *5 (finding predominance

---

[5] *See also, e.g.*, *Eatmon v. Palisades Collection, LLC*, 2010 WL 1189571 (E.D. Tex. Mar. 5, 2010) (certifying class with FDCPA and TDCA claims arising from uniform debt collection conduct), *adopted with modifications*, 2011 WL 147680 (E.D. Tex. Jan. 18, 2011); *Boles v. Moss Codilis, LLP*, 2012 WL 12861080 (W.D. Tex. Jan. 17, 2012) (same as to TDCA claim); *Stillmock v. Weis Markets, Inc.*, 385 Fed. App'x 267, 275 (4th Cir. 2010) (vacating district court's denial of class certification under Fair and Accurate Credit Transactions Act); *Newton v. Am. Debt Servs., Inc.*, 2015 WL 3614197, at *8 (N.D. Cal. June 9, 2015) (predominance met in case alleging violations of unfair competition law because "[w]hether these parties violated the law is a question that can be established with common proof, and the answer will necessarily be the same for all class members. Either [defendants] charged illegal fees or they did not."); *Brown v. Consumer Law Assocs., LLC*, 283 F.R.D. 602, 615 (E.D. Wash. 2012) (predominance met when common question of law was whether defendants violated the state consumer protection statute by charging excessive fees).

where defendant made similar argument that a third person charged the fee). No individual issues will predominate over these common issues.

### 2. Superiority

"When determining whether a class action is superior to other means of adjudication courts consider: (1) the class members' interest in individually controlling their separate actions, (2) the extent and nature of existing litigation by class members concerning the same claims, (3) the desirability of concentrating the litigation in the particular forum, and (4) the likely difficulties of managing a class action." *In re Dynegy, Inc. Sec. Litig.*, 226 F.R.D. at 270 (citing Fed. R. Civ. P. 23(b)(3)).

A class action is the superior method for fairly and efficiently adjudicating this controversy. Defendant's liability is a common question that would be inefficient to litigate thousands of times. Plaintiff's counsel have spent and will continue to spend significant time litigating the liability questions. To have done this work for an individual case alone would have been cost-prohibitive and inefficient, considering that the same documents and fact witnesses bear on the liability issues, which affect Class members' claims the same way. Without the class mechanism, the alternative here is likely the lack of any relief for affected borrowers, a disfavored result. The vast majority of those subject to Defendant's illegal fee collections would not seek relief on an individual basis because (1) they would have no way of knowing their legal rights, and (2) even were they to somehow discover that they had claims, the cost of proceeding on an individual basis would be impractical or uneconomical given the relatively small sums at issue. Through a class action, these common claims can be brought in one proceeding, preserving limited judicial resources

16

and eliminating unnecessary duplication and potentially divergent judicial decisions. It would also "vindicat[e] the rights of individuals who otherwise might not consider it worth the candle to embark on litigation in which the optimum result might be more than consumed by the cost." *See Deposit Guar. Nat'l Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 338 (1980).

### D.   Appointment of Class Counsel

Rule 23(g) asks the Court to consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A). The Court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B).

Here, each factor is satisfied. Counsel have performed substantial work and invested significant resources on behalf of the Class, including investigating the claims, researching Texas law, providing notice of Plaintiff's claims, obtaining discovery, reviewing and responding to discovery, taking depositions of two corporate witnesses and an expert witness, working with an expert on an expert report, defending Plaintiff's experts' depositions, and preparing for and defending Plaintiff's deposition. All told, counsel have invested over 620 hours and fronted all litigation costs to date.

Second, as described above and in their declarations, Plaintiff's counsel have significant experience in complex litigation generally, class action litigation specifically,

17

and pay-to-pay fee cases in particular. The attorneys working on this file were recently appointed class counsel in *Custer*, a similar case pending in North Carolina. Because of their experience with these cases, counsel know the evidence required to prove Plaintiff's claims at summary judgment or trial, as well as the applicable law.

Finally, counsel have invested and will continue to invest substantial resources on behalf of the Class. They are attorneys at established and experienced law firms with the resources to litigate a case of this magnitude.

Plaintiff requests that the Court appoint James Kauffman, Bart Cohen, Katherine Aizpuru, and Robin Bleiweis as class counsel.

## VIII.  CONCLUSION

This straightforward consumer protection case involves common legal issues that can be answered through common proof. Each Rule 23(a) and 23(b)(3) factor is satisfied. Plaintiff requests that the Court grant this Motion, certify the Class, appoint Plaintiff as class representative, appoint his counsel as class counsel, and direct the parties to submit a proposed notice plan.

Dated: January 30, 2026

Respectfully submitted,

_____/s/ Katherine Aizpuru_____
Katherine Aizpuru* (admitted *pro hac vice*)
DC Bar No. 1022412
Robin Bleiweis (admitted *pro hac vice*)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Ave NW, Suite 1010
Washington, D.C. 20006
Phone: (202) 973-0900
Fax: (202) 973-0950
kaizpuru@tzlegal.com
rbleiweis@tzlegal.com

James L. Kauffman (admitted *pro hac vice*)
Bart D. Cohen (admitted *pro hac vice*)
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson St., NW, Suite 540
Washington, DC 20007
Phone: (202) 463-2101
Fax: (202) 463-2103
jkauffman@baileyglasser.com
bcohen@baileyglasser.com

*Attorneys for Plaintiff and the Proposed Class*

*attorney-in-charge

19

**CERTIFICATE OF SERVICE**

I certify that, on January 30, 2026, a copy of the foregoing document was filed with the Clerk of the Court using the CM/ECF System and served by operation of the Court's electronic filing system upon all counsel of record. Parties may access this filing through the Court's CM/ECF system.

*/s/ Katherine Aizpuru*

Katherine Aizpuru

**CERTIFICATE OF CONFERENCE**

I certify that, on January 29, 2026, the parties conferred pursuant to Rule 6.C of Judge Hanks's Court Procedures. Defendant opposes the relief sought in this Motion.

*/s/ Katherine Aizpuru*

Katherine Aizpuru
